**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO TORRES VIDAL,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-03582-SP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING PETITION** |

**I.**

**INTRODUCTION**

On June 29, 2026, petitioner Armando Torres Vidal, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. Petitioner contends his detention violates his right to procedural due process under the Fifth Amendment and the Immigration and Nationality Act ("INA"). Petitioner seeks immediate release from immigration custody, as well as declaratory and other injunctive relief.

The same day he filed the Petition, petitioner also filed a motion for temporary restraining order ("TRO"). Docket no. 5. The court denied the motion for a TRO in large part on July 1, 2026. Docket no. 7.

On July 6, 2026, respondents filed an Answer. Docket no. 9. Petitioner filed a Reply on July 9, 2026. Docket no. 10.

For the reasons discussed below, petitioner's procedural due process claim merits habeas relief. The court therefore grants the Petition and issues a writ of habeas corpus requiring petitioner's immediate release from immigration custody along with other relief.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico. *See* Answer, Ex. A. Petitioner appears to have entered the United States without inspection on an unknown date. *See* Pet. ¶¶ 36, 48, 50; Answer, Ex. A.[1] Petitioner has resided in the United States "for many years," is married with two adult United States citizen children, and has strong community ties. Pet. ¶¶ 27-28. Petitioner has no criminal history. *Id.* ¶ 26.

On the morning of June 17, 2026, ICE officers were conducting an enforcement action to locate another person. *See* Answer, Ex. A. The officers stopped petitioner's vehicle while he was on his way to work and arrested him. SAP ¶ 23; *see* Answer, Ex. A. ICE officers did not inform petitioner of the basis of the stop and did not appear to have a judicial warrant.[2] SAP ¶ 24. Petitioner was taken into immigration custody, where he

---

[1] The Petition is signed only by petitioner's counsel and it is not verified by petitioner. The court accepts the facts alleged in the Petition: (1) for the purposes of Part II of this opinion if uncontested; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could be within counsel's personal knowledge.

[2] Respondents assert this was a targeted stop of petitioner based on a pre-stop investigation of petitioner, and that agents had an arrest warrant for petitioner. Answer at 2-3. They cite to the Form I-213 attached to the Answer as Exhibit A to support their assertion; however, Exhibit A provides not such support. Instead, the I-213 makes clear

remains, and was not provided an individualized custody determination.[3] *Id.* ¶¶ 38, 47, 50-51.

## III.

## DISCUSSION

Petitioner raises two claims for relief, that his detention violates: (1) his Fifth Amendment right to procedural due process; and (2) the INA. *Id.* ¶¶ 37-52.

### A. This Court Has Jurisdiction Over the Claims in the Petition

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner argues he should be released from respondents' custody because his detention violates the Due Process Clause of the Fifth Amendment and the INA. *See* Pet. ¶¶ 37-52. He has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). The applicability of

---

that agents were targeting an individual other than petitioner and had no idea who petitioner was prior to stopping him. Answer, Ex. A at 2.

[3] The Form I-213 states a database showed petitioner was served with a Reinstatement Deportation Order on July 18, 2023. Answer at 2, Ex. A. The EOIR website indicates petitioner is pre-removal. *See* https://acis.eoir.justice.gov/en/.

§ 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted). Because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B. Petitioner Is Subject to Discretionary Detention Under § 1226(a)**

Petitioner contends his detention is governed by 8 U.S.C. § 1226(a), and respondents concede he is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Pet. ¶ 50; Answer at 4.

In *Maldonado Bautista*, the court declared that "Bond Eligible class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, at *1. The Bond Eligible Class certified in *Bautista* is defined to include: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127. The *Maldonado Bautista* court also later vacated the Board of Immigration

Appeals' decision in *Matter of Yajure Hurtado*,[4] finding it contrary to current law under the Administrative Procedure Act. *See Bautista v. Santacruz*, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026), appeal filed, *sub nom. Bautista v. U.S. DHS*, No. 26-1044 (9th Cir. Feb. 23, 2026).

The declaratory relief issued by the *Maldonado Bautista* court has "the force and effect of a final judgment or decree" and respondents are legally obligated to comply with the court's order. 28 U.S.C. § 2201; *see also Herrera v. Lyons*, 2026 WL 859172, at *3 (C.D. Cal. Mar. 16, 2026) (citations omitted). Although the final judgment in *Maldonado Bautista* has been partially stayed pending appeal, the stay applies only "insofar as [it] extends beyond the Central District of California." *See Bautista*, No. 26-1044, docket no. 5 at 1 (9th Cir. Mar. 6, 2026). Therefore, the declaratory judgment remains in effect in this district.

Moreover, the Ninth Circuit recently affirmed the reasoning underlying *Maldonado Bautista*, concluding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Thus, it is established that petitioner's detention is governed by §1226(a).

Respondents concede that petitioner is a member of the Bond Eligible Class subject to the *Maldonado Baustista* judgment and do not oppose him receiving an individualized bond hearing. Answer at 4. Petitioner entered without inspection, does not appear to have been apprehended upon arrival, and is not subject to detention under § 1226(c), § 1225(b)(1), or § 1331. *See* Pet. ¶¶ 36, 48, 50; Answer, Ex. A. Petitioner is therefore entitled to an individualized bond hearing under § 1226(a). But given the long detention period without a hearing, constitutional concerns remain. *See Kun v. Janecka*,

---

[4] *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holds that "mandatory detention under 8 U.S.C. § 1225(b) applies to those who enter the country without inspection even if apprehended within the United States and not at the border." *Kun v. Janecka*, 2026 WL 931541, at *5 n.4 (C.D. Cal. Apr. 3, 2026).

2026 WL 931541, at *3 (C.D. Cal. Apr. 3, 2026) (*Maldonado Bautista* did not address due process).

### C. <u>Petitioner's Detention Without Adequate Procedural Protections Violates Due Process</u>

The Due Process Clause of the Fifth Amendment prohibits the government from depriving an individual of liberty without due process of law. U.S. Const. amend. V. "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). Federal courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State . . . ; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989) (citations omitted); *see also Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) (applying the two-step inquiry). Courts in this Circuit have found that the procedural protections of § 1226(a) are both statutory and constitutional, and extend to those who entered without inspection. *See Patino Rangel v. Albarran*, 2026 WL 2076115, at *2-*4 (N.D. Cal. Jul. 17, 2026); *Vazquez Perez v. Blanche*, 2026 WL 1999155, at *4 (D. Nev. Jul. 10, 2026) (finding that petitioner "is entitled to the procedural protections provided by § 1226(a), not merely by statute and regulation, but also by the Due Process Clause"); *Elias v. Knight*, 817 F. Supp. 3d 970, 984 (D. Idaho 2025); *Pichardo v. Noem*, 2025 WL 3670473, at *2-*6 (C.D. Cal. Oct. 22, 2025); *see also Al-Sadeai v. ICE*, 540 F. Supp. 3d 983, 990-91 (S.D. Cal. 2021) (the fact that an individual entered without inspection does not affect the due process protections to which he is entitled).

//

//

**1. <u>Petitioner Has a Protected Liberty Interest</u>**

The first step asks whether respondents have interfered with petitioner's protected liberty interest. Petitioner contends he has a protected liberty interest in being released from immigration custody. Pet. ¶¶ 8, 30.

"Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) (citation omitted); *Hernandez*, 872 F.3d at 993 (holding it "is beyond dispute" that "freedom from imprisonment is at the core of the liberty protected by the Due Process Clause"). Petitioner arrived in the United States many years ago and has strong family and community ties, including two adult United States citizen children. Pet. ¶¶ 27-28. He therefore has a protected liberty interest in his release from immigration custody.

**2. <u>Petitioner Was Denied Adequate Process in His Detention</u>**

"To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge* . . . ." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (citation omitted); *see also Hernandez v. Sessions*, 872 F.3d 976, 992 (9th Cir. 2017) (applying the *Mathews* factors in the immigration context). The three factors considered by the court under *Mathews* are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335 (citation omitted).

The first factor examines petitioner's private interest, here his interest in being free from detention. As discussed above, petitioner has lived in the United States for many

years and has extensive ties to family and community. As such, his personal interest in remaining out of immigration custody is extremely high.

The second factor examines the risk of erroneous deprivation of petitioner's liberty interest, as well as the value of additional safeguards. Typically, courts have found that "the risk of the erroneous deprivation of [] liberty is substantial by respondent's failure to hold an individualized bond hearing before a neutral factfinder." *Margaryan v. Warden of Cal. City Det. Facility*, 2026 WL 183731, at *3 (E.D. Cal. Jan. 23, 2026); *see Rodrigeuz Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022) (among the procedural protections for detainees under § 1226(a) is "an initial bond hearing before a neutral decisionmaker"). The Supreme Court has made clear that immigration proceedings are civil in nature and must be "nonpunitive in purpose and effect." *Zadvydas*, 533 U.S. at 690. Therefore, immigration detention must be justified by one of two regulatory goals – preventing risk of flight or danger to the community. *Id.* Here, the risk of erroneous deprivation was high. ICE officers appeared to arbitrarily run petitioner's license plate and detained him based on information inconsistent with the information on the EOIR website. *See* Answer, Ex. A; https://acis.eoir.justice.gov/en/. The immigration officers had no judicial warrant. SAP ¶ 24; *see* Answer, Ex. A. Even after the issuance of the *Maldonado-Bautista* declaratory judgment, respondents continued to deprive petitioner of an individualized hearing.

Finally, the third factor examines the government's interest, which here would be its interest in detaining petitioner absent additional process. As other courts have repeatedly recognized, "there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1164 (C.D. Cal. 2025); *see also R.D.T.M.*, 2025 WL 2686866, at *6 (collecting cases); *Pinchi*, 792 F. Supp. 3d at 1036; *Hasratyan v. Bondi*, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026); *Yataco v. Warden, Adelanto Det. Facility*, 2025 WL 4065463, at *6 (C.D. Cal. Dec. 26, 2025). The cost of providing a pre-deprivation hearing to petitioner is minimal and custody hearings are

routinely conducted by immigration courts. *See Singh v. Bowen*, 2025 WL 3251437, at *7 (C.D. Cal. Nov. 21, 2025) (citations omitted); *see also Pinchi*, 792 F. Supp. 3d at 1036.

In sum, given petitioner's strong interest in being free from immigration detention, the risk of an erroneous deprivation of his liberty interest, the strong value of additional procedural safeguards, and the lack of government interest in detaining petitioner without additional process, all three of the *Mathews* factors favor petitioner. Therefore, the government's detention of petitioner without adequate process violated petitioner's right to procedural due process under the Fifth Amendment.

But the inquiry does not end here. Respondent appears to argue that any constitutional violations may be remedied by a future post-deprivation *Rodriguez* hearing, at which the government has the burden to demonstrate by clear and convincing evidence that petitioner is a danger to the community or a flight risk. Answer at 4-5. The question is whether a post-deprivation hearing satisfies due process.

"[T]he purpose of habeas remedies is to put the [petitioner] back in the position he would have been in if the [constitutional] violation never occurred." *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (citation and quotation marks omitted). The Ninth Circuit has found that a petitioner is only entitled to relief if he can demonstrate prejudice from the due process violation, but those cases did not concern pre-deprivation and post-deprivation hearings. *See Orellana v. Garland*, 2024 WL 2795192, at *2 (9th Cir. May 31, 2024) ("Generally, an individual may obtain relief for a due process violation only if []he shows that the violation caused [him] prejudice, meaning the violation potentially affected the outcome of the immigration proceeding.") (quotation marks and citation omitted); *U.S. v. Landeros-Morales*, 840 F. App'x 911, 912 (9th Cir. 2020) (assuming the immigration judge violated due process, "[petitioner] is not entitled to relief because he cannot demonstrate prejudice"). And in fact, the Supreme Court has found that "[a] claim to a predeprivation hearing as a matter of constitutional right rests on the

proposition that full relief cannot be obtained at a postdeprivation hearing." *Mathews*, 424 U.S. at 331.

Accordingly, many district courts in this Circuit "have ordered release even where a belated bond hearing has taken place," *Kumar v. Rios*, 2026 WL 1764923, at *7 (C.D. Cal. June 12, 2026) (listing cases), or taken the position "that any post-deprivation process cannot cure the constitutional violation when the non-citizen was entitled to pre-deprivation notice and hearing." *Andriasyan v. Warden*, 2026 WL 1601905, at *9 (C.D. Cal. June 1, 2026); *see, e.g.*, *Villegas Molina v. Mullin*, 2026 WL 1182194, at *3 (C.D. Cal. Apr. 23, 2026) (noting that the severe delay of post-deprivation bond hearings cannot undo the harms of immigration detention such as the loss of jobs and subpar medical care); *Mumaev v. Samaia*, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (a post-deprivation hearing cannot support a petitioner's continued detention when the underlying arrest, revocation of parole, and redetention violated due process); *Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871, 882 (C.D. Cal. 2026) ("Providing Petitioner with a post-detention hearing or other procedural remedy will not redress the constitutional violation Petitioner has suffered in being re-detained without a pre-deprivation hearing required by due process."). Even courts that have found a post-deprivation hearing may arguably satisfy due process have raised questions of prejudice and adequacy. *See, e.g., Herman v. DHS*, 2026 WL 1723960, at *5 (C.D. Cal. June 12, 2026) (finding petitioner "was likely prejudiced by being forced to litigate a bond hearing while he is detained . . . [as] detention makes it more difficult for noncitizens to access counsel, obtain evidence, and otherwise prepare for a bond hearing"): *Saballos Rosales v. Noem*, 2026 WL 761371, at *3 (C.D. Cal. Mar. 16, 2026) (a deficient post-deprivation hearing is "no substitute" for the pre-detention process).

On the particular facts and circumstances of this case, the court agrees that a belated bond hearing would not remedy the due process violation. Because petitioner's re-detention was unlawful, the proper remedy is release from custody. *See Singh*, 2025

WL 3251437, at *9; *Yataco*, 2025 WL 4065463, at *7; *see also Faizyan v. Casey*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (collecting cases).

**D. <u>Petitioner's Remaining Claim</u>**

Petitioner also argues his detention violates the INA. Pet. ¶¶ 42-52. Because the court has already concluded that petitioner is entitled to release on procedural due process grounds, it need not address petitioner's remaining claim. Petitioner may raise the claim again if he is subject to any future detention.

## IV.

## ORDER

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner Armando Torres Vidal (A# 246-061-358) from immigration custody; (3) respondents shall return any confiscated property and documents to petitioner upon his release; and (4) respondents shall file a status report no later than **September 25, 2026,** confirming that petitioner has been released from respondents' custody.

Dated: September 22, 2026



SHERI PYM
United States Magistrate Judge